UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

DAVID OPPENHEIMER and
PERFORMANCE IMPRESSIONS, LLC

        Plaintiffs,

v.

WHOFISH MEDIA, INC.,

        Defendant.

Civil Action

## **COMPLAINT**

This Action is brought under the Copyright Laws of the United States under 17 U.S.C. §§ 101 et seq.  In Counts I, III and IV, Plaintiffs are seeking to redress the infringement of three copyrighted photographs.  In Count II, Plaintiffs are seeking to redress the removal of copyright management information from one of said photographs under 17 U.S.C §§ 1201-1203.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a) and proper venue exists under 28 U.S.C. §1400(a).

1. Plaintiff, DAVID OPPENHEIMER (hereinafter, "Oppenheimer") is a professional photographer residing in Asheville, North Carolina.

2. Plaintiff, PERFORMANCE IMPRESSIONS, LLC (hereinafter, "Performance Impressions") is a limited liability company duly organized by law in the State of North Carolina with a mailing address of P. O. Box 8105, Asheville, North Carolina 28814.  Oppenheimer is the principal of Performance Impressions through which he licenses all of the photographs that are the

subject of this action.  Oppenheimer and Performance Impressions are sometimes collectively referred to as the Plaintiffs.

3. Defendant, WHOFISH MEDIA, INC. (hereinafter, "WhoFish"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts.  WhoFish regularly conducts business at 41 Beacon Street, Framingham, Middlesex County, Commonwealth of Massachusetts.

### Count I

4. In November 2011, Oppenheimer photographed a musical performance from the back of the audience looking toward the stage (hereinafter, the "Concert Photograph").  The Concert Photograph was published on Performance Impression's website at [www.performanceimpressions.com](www.performanceimpressions.com), with the following copyright management information clearly visible on said Photograph: "© 2011, David Oppenheimer/Performance Impressions."  A copy of the Concert Photograph is attached hereto as "Exhibit A" and is incorporated herein by reference.

5. Oppenheimer is the author of the Concert Photograph and has at all times owned, and continues to own all of the rights to said Photograph including the copyright thereto.  The Photograph was registered with the Copyright Registration Office at the Library of Congress and was given Copyright Registration Number VAu 1-084-329, effective November 15, 2011.  See the Certificate of Registration, a copy of which is attached hereto as "Exhibit B," which is incorporated herein by reference.

6. Defendant copied the Concert Photograph and used and displayed it in and around 2014, on Defendant's website, [www.WhoFish.com](www.WhoFish.com), without the permission or authority of either Oppenheimer or Performance Impressions,.  A copy of the Concert Photograph as it appeared on Defendant's website is attached hereto as "Exhibit C" and is incorporated herein by reference.

7. Defendant's copying, use and display of the Concert Photograph on Defendant's website without Plaintiffs' permission or authority is a violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. § 101 et seq., and as a result, Oppenheimer and Performance Impressions have been damaged and they are entitled to their damages.

## Count II

8. Plaintiff realleges Paragraphs 1 through 7 hereof as if said paragraphs had been repeated herein in their entirety.

9. Without Plaintiffs' permission or authority, Defendant intentionally resized the Concert Photograph and copied, used, and displayed said Photograph on its website at [www.WhoFish.com](www.WhoFish.com). While the resizing of the Concert Photograph left some of the copyright management information watermark intact, it rendered it barely legible. Also, extensive copyright notices were removed from the metadata of the Concert Photograph as it was copied, used and displayed by Defendant on its website.

10. Plaintiffs maintain that Defendant's actions in resizing the Concert Photograph and thereby rendering the copyright management information barely legible, and in removing the copyright notice included in the metadata for said Photograph constitutes the removal of copyright management information in violation of Title 17 United States Code § 1202. A copy of the Concert Photograph as it appeared on Defendant's website in and around 2014, is attached hereto as "Exhibit C" and is incorporated herein by reference.

11. As a result of Defendant's conduct, the rights of both Oppenheimer and Performance Impressions have been violated for which Plaintiffs are entitled to their damages.

## Count III

12. Plaintiff realleges Paragraphs 1 through 3 hereof as if said paragraphs had been repeated herein in their entirety.

13. On March 16, 2008, Oppenheimer photographed a musical group known as "Rusted Root" (hereinafter, the "Rusted Root Photograph"). The Rusted Root Photograph was published on Performance Impression's website at www.performanceimpressions.com, with the following copyright management information clearly visible on said Photograph: "© 2008 David Oppenheimer/Performance Impressions." A copy of the Rusted Root Photograph is attached hereto as "Exhibit D" and is incorporated herein by reference.

14. Oppenheimer is the author of the Rusted Root Photograph and has at all times owned, and continues to own all of the rights to said Photograph including the copyright thereto. The Photograph was registered with the Copyright Registration Office at the Library of Congress and was given Copyright Registration Number VA 1-701-181, effective January 30, 2010. See the Certificate of Registration, a copy of which is attached hereto as "Exhibit E," which is incorporated herein by reference.

15. Defendant copied the Rusted Root Photograph and used and displayed it without the permission or authority of either Oppenheimer or Performance Impressions, on Defendant's website at http://www.whofish.org/Default.aspx?tabid=46&modid=380&action=detail&itemid=2753&rCode=17. A copy of the Rusted Root Photograph as it appeared on Defendant's website is attached hereto as "Exhibit F" and is incorporated herein by reference.

16.     Defendant's copying, use and display of the Rusted Root Photograph on Defendant's website without the permission or authority of either Oppenheimer or Performance Impressions is a violation of Plaintiffs' rights under the Copyright Act, 17 U.S.C. § 101 et seq., and as a result, Oppenheimer and Performance Impressions have been damaged and they are entitled to their damages.

## Count IV

17.     Plaintiff realleges Paragraphs 1 through 3 hereof as if said paragraphs had been repeated herein in their entirety.

18.     In 2013, Oppenheimer photographed a musical group known as Bob Dylan and his Band (hereinafter, the "Dylan Photograph").  The Dylan Photograph was published on Performance Impression's website at www.performanceimpressions.com, with the following copyright information clearly visible adjacent to said Photograph: "© 2008 David Oppenheimer/Performance Impressions."  A copy of the Dylan Photograph is attached hereto as "Exhibit G" and is incorporated herein by reference.

19.     Oppenheimer is the author of the Dylan Photograph and has at all times owned, and continues to own all of the rights to said Photograph including the copyright thereto.  The Photograph was registered with the Copyright Registration Office at the Library of Congress and was given Copyright Registration Number VAu 1-140-655, effective May 7, 2013.  See the Certificate of Registration, a copy of which is attached hereto as "Exhibit H," which is incorporated herein by reference.

20. Defendant copied the Dylan Photograph and used and displayed it without the permission or authority of either Oppenheimer or Performance Impressions, on Defendant's website at www.whofish.org/events/Providence/RI/Bob_Dylan_and_his_Band/3564222.aspx. A copy of the Dylan Photograph as it appeared on Defendant's website is attached hereto as "Exhibit I" and is incorporated herein by reference.

21. Defendant's copying, use and display of the Dylan Photograph on Defendant's website without the permission or authority of either Oppenheimer or Performance Impressions is a violation of Plaintiffs' rights under the Copyright Act, 17 U.S.C. § 101 et seq., and as a result, Oppenheimer and Performance Impressions have been damaged and they are entitled to their damages.

WHEREFORE, Plaintiffs, DAVID OPPENHEIMER and PERFORMANCE IMPRESSIONS, LLC., demand judgment against Defendant, WHOFISH MEDIA, LLC, as follows:

a) That Defendant be required to deliver up for impoundment the original and all copies of the Concert Photograph, the Rusted Root Photograph and the Dylan Photograph in all forms whatsoever, which are in Defendant's possession or under its control, including all prints, printed materials such as brochures, and newsletters, as well as all other versions and media including magnetic, electronic and digital copies and all copies on Defendant's website, www.WhoFish.com, and that Defendant be permanently enjoined from using the Concert Photograph, the Rusted Root Photograph, and the Dylan Photograph in any way or manner whatsoever.

b) That Defendant be required to pay the Plaintiffs such actual damages as Plaintiffs have sustained in consequence of Defendant's infringements of Plaintiffs' copyrights to the Concert Photograph, the Rusted Root Photograph, and the Dylan Photograph and to account for all gains, profits and advantages derived by Defendant from its use and infringement of Plaintiffs' said Photographs;

c) In lieu of Plaintiffs' actual damages and Defendant's profits, that Defendant be required to pay to Plaintiffs such Statutory Damages as to the Court shall appear just within the provisions of the Copyright Act in a sum not less than $750 nor more than $30,000 per Photograph, or if the Court finds that the infringements were committed willfully, such statutory damages as to the Court shall appear just within the provisions of the Copyright Act in a sum up to and including $150,000 per Photograph;

d) That Defendant be required to pay Plaintiffs under Count II hereof, such actual damages as Plaintiffs have sustained as a result of Defendant's violation of Title 17 United States Code § 1202, and that Defendant account to Plaintiffs for all gains, profits and advantages derived by Defendant from such violation;

e) If the court finds that Defendant removed Plaintiffs' Copyright Management Information in violation of said §§ 1201 through 1203, as alleged in Count II hereof that Defendant be required to pay to Plaintiffs in lieu of Plaintiffs' actual damages and Defendant's profits, such Statutory Damages as to the Court shall appear just within the provisions of § 1203(c)(3)(B) in a sum not less than $2,500 or more than $25,000;

f) That Defendant pay Plaintiffs their costs together with reasonable attorney's fees in an amount to be determined by this Court;

g) That Plaintiffs have such other and further relief as is deemed to be just and proper.

**PLAINTIFFS CLAIM TRIAL BY JURY**

                              DAVID OPPENHEIMER and
                              PERFORMANCE IMPRESSIONS, LLC
                              By their attorney,

                              */s Andrew D. Epstein*
                              _____
                              Andrew D. Epstein, Esquire
                              BBO #155-140
                              Barker, Epstein & Loscocco
                              Boston, Massachusetts 02110
                              (617) 482-4900
                              Fax: (617) 426-5251
                              Photolaw@aol.com

Dated:  December 4, 2014